UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 88 CR 297 |
| | ) | |
| HOWARD C. MEDLEY, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

This matter comes before the Court on Defendant Howard Medley's petition for writ of error *coram nobis* based on ineffective assistance of counsel. For the following reasons, the writ is denied.

## BACKGROUND

In November of 1988, Defendant Howard Medley ("Medley") was tried for allegedly engaging in perjury before a grand jury, in violation of 18 U.S.C. § 162, and for allegedly accepting a thing of value with the intent to be influenced or rewarded, in violation of 18 U.S.C. § 666. This Court declared a mistrial after an eleven day trial and three days of deliberations. In August of 1989, a second trial was held where Medley was tried only on the 18 U.S.C. § 666 count. After a six day trial, the jury found Medley "guilty of accepting and agreeing to accept" a thing of value "from

1

Brian Flisk with the intent to be influenced and rewarded in his (Medley's) duties as a Chicago Transit Authority ("CTA") board member." Dkt. 595 at 2. Medley was sentenced to thirty months in prison and he was fined $10,000. Medley appealed his conviction and the Seventh Circuit affirmed his conviction. *United States v. Medley*, 913 F.2d 1248 (7th Cir. 1990).

In February of 1992, Medley filed a petition pursuant to 28 U.S.C. § 2255 challenging the legality of his sentence. Medley argued that the decision in *McCormick v. United States*, 500 U.S. 257 (1991) invalidated his conviction and that he received ineffective assistance of counsel at trial. *See United States v. Medley*, No. 88 CR 297-3, 1992 WL 177022 (N.D. Ill. July 17, 1992). This Court denied Medley's petition pursuant to 28 U.S.C. § 2255, which the Seventh Circuit later affirmed in *Medley v. United States*, No. 92-2833, 1993 WL 299338, at *1 (7th Cir. Aug. 2, 1993) (unpublished order).

In August of 1995, Medley filed his first petition for writ of error *coram nobis* "alleging that the government elicited perjured testimony at his trial." Dkt. 595 at 3. However, Medley amended this initial petition for error *coram nobis* and abandoned his argument that the government had elicited perjured testimony, and instead argued that his petition for error *coram nobis* should be granted because he was suffering from a lingering civil disability. This Court denied Medley's initial petition for error *coram nobis* because Medley did not suffer from a "lingering civil disability." *See United States v. Medley*, No. 88 CR 297-3, 1995 WL 755302, at *2 (N.D. Ill. Dec. 18,

2

1995) (where this Court found that decertification of Medley's moving company as a Minority Business Enterprise ("MBE") did not qualify as a civil disability). Medley appealed this Court's denial of his initial petition for error *coram nobis*. His appeal was dismissed as moot because while it was pending, the City of Chicago recertified Medley's business as an MBE firm. *United States v. Medley*, No. 96-1228, 1996 WL 617340, at *1 (7th Cir. Oct. 22, 1996) (unpublished order).

In April of 2011, Medley filed a second petition for error *coram nobis*, which this Court denied for lack of specificity. Medley filed an amended petition on October 19, 2011, alleging that the government engaged in prosecutorial misconduct. *See* Dkts. 553, 565, 595 at 3. Specifically, Medley alleged that the Government withheld a "potentially exculpatory audio recording" between Mr. Flisk and a confidential informant. *Id*. At a hearing held on November 29, 2011, this Court denied Medley's second petition for writ of error *coram nobis*. Medley again appealed this decision; however, he withdrew his appeal before briefing.

Now before the Court is Medley's third petition for error *coram nobis* based on ineffective assistance of counsel. Medley alleges that his attorneys failed to provide effective assistance of counsel when they: (i) denied him access to tape recorded conversations between Mr. Flisk and a confidential informant, which prevented Medley from "knowingly participat[ing] in [ ] tactical trial decisions"; and (ii) failed to play the tape recorded conversations at trial. *See* Dkt. 584 at 2, 4, and 5. As a result of his 1989 conviction, Medley claims that he can no longer: (i) be a board

3

member of or an advisor to the Seaway National Bank in Chicago; (ii) be a board member of the CTA or provide any other type of services to the CTA; (iii) be a board member of Big Brother; (iv) be a Board of Election commissioner; or (v) serve as a financial trustee for his church. *See* Dkt. 584 at 5-6. Furthermore, his conviction continues to cause him "serious economic, social and professional harm." *Id.* at 6.

## LEGAL STANDARD

A writ of error *coram nobis* is "a remedy of last resort for the correction of fundamental errors of fact or law." *United States v. George*, 676 F.3d 249, 253 (1st Cir. 2012) (citing *Trenkler v. United States*, 536 F.3d 85, 93 (1st Cir. 2008)). Under the All Writs Act, 28 U.S.C. § 1651(a), federal courts have the power to grant "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." In reference to granting a petition for error *coram nobis*, the Supreme Court has warned that "caution is advisable and that '[c]ontinuation of litigation after final judgment . . . should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice.'" *George*, 676 F.3d at 253 (quoting *United States v. Morgan*, 346 U.S. 502, 511 (1954). The Supreme Court further noted that it is necessary to limit the writ to "truly extraordinary circumstances 'so that finality is not at risk in a great number of cases.'" *Id.* at 254 (citing *United States v. Denedo*, 556 U.S. 904, 911 (2009)).

"To the extent that the writ of [error] *coram nobis* retains vitality in criminal proceedings, such relief is limited to (1) errors 'of the most fundamental character'

4

that render the proceeding invalid, (2) situations where there are sound reasons for the failure to seek earlier relief, and (3) instances when the defendant continues to suffer from his conviction even though he is out of custody." *United States v. Sloan*, 505 F.3d 685, 697 (7th Cir. 2007) (citing *Morgan*, 346 U.S. at 509, n. 15, 511-12). "A writ of error *coram nobis* generally provides the same relief as a writ of habeas corpus," except that a defendant can seek a writ of error *coram nobis* even after being released from custody. *Medley*, 1995 WL 755302, at *1. After being released from custody "the petitioner for a writ of error *coram nobis* must show that there is an ongoing risk that an erroneous conviction's lingering disabilities will cause him serious harm." *Id*. (emphasis added) (citing *United States v. Bush*, 888 F.2d 1145, 1150-51 (7th Cir. 1989) and *United States v. Craig*, 907 F.2d 653, 658 (7th Cir. 1990)). A "lingering civil disability" exists if, (i) the disability causes present harm, (ii) the disability arises out of the erroneous sentence, and (iii) the potential harm to the petitioner is more than incidental. *Sloan*, 505 F.3d at 697 (citing *Craig*, 907 F.2d at 658). The alleged legal disability must be "substantial" and not merely a "speculative" or possible harm. *Howard v. United States*, 962 F.2d 651, 653-654 (7th Cir. 1992); *Craig*, 907 F.2d 653, 660.

## DISCUSSION

### I. Ineffective Assistance of Counsel

Medley's petition for writ of error *coram nobis* based on ineffective assistance of counsel is his third petition for error *coram nobis*. This is also the second instance

Medley has argued that his conviction should be overturned based on ineffective assistance of counsel. As was true more than ten years ago, Medley's claim of ineffective assistance of counsel is meritless. *See Medley*, 1992 WL 177022, at *5; *see also Medley*, 1993 WL 299338, at *1 (where the Seventh Circuit affirmed this Court's decision to deny Medley's petition pursuant to 28 U.S.C. § 2255, based upon ineffective assistance of counsel.).

The Supreme Court has stated that "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In order for a defendant to succeed on an ineffectiveness claim, he must establish that (i) "his counsel's performance was deficient and that (ii) this deficient performance prejudiced the defense." *Medley*, 1992 WL 177022, at *6 (citing *Strickland*, 466 U.S. at 687). "Prejudice exists if there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id*. (citing *Strickland*, 466 U.S. at 694).

Medley argues that his attorneys were ineffective because they failed to: (i) provide him with access to allegedly exculpatory tape recorded conversation, which prevented Medley from "knowingly participat[ing] in [ ] tactical trial decisions"; and (ii) play these allegedly exculpatory tapes at trial. Dkt. 584 at 2, 4 and 5. Despite these mere allegations, Medley has failed to demonstrate that any of his attorneys'

performances were deficient. As discussed below, without evidence that his attorneys' performances were deficient, there is nothing to support the argument that his attorneys' performances prejudiced his defense.

Medley's allegation that his attorneys' performances were deficient because they failed to provide him with access to the tape recorded conversations between Mr. Flisk and a confidential informant is completely undermined by the statements he made before this Court during a hearing on July 14, 2011. During that hearing, Medley stated that he knew about the tapes, but that he was afraid to "say anything." Dkt. 595 at 9. Additionally, in one of the documents that Medley included with his current *coram nobis* petition, it states that Medley "questioned his attorney's refusal to use 'exonerating evidence' consisting of 'secretly recorded tapes.'" *Id*. at 9. These statements undermine Medley's argument that he was not provided with access to these tapes because it is unlikely that Medley would have known that these tapes contained "exonerating evidence" without having listened to them. However, even if Medley did not have access to these tapes, evidence of the tape recorded conversations, "would not have exonerated Medley because" the tapes were "cumulative evidence of Mr. Flisk's own testimony." *Medley*, 1992 WL 177022, at *10. Therefore, the alleged failure of Medley's attorneys to provide him with access to the tape recorded conversations does not warrant a finding of ineffective assistance of counsel. Given the cumulative nature of these taped conversations, the Court finds

that the failure to provide Medley with access to these tapes does not amount to an unprofessional error, which would have altered the result of either trial.

Additionally, Medley argues that his attorneys were ineffective because they failed to play the tape recorded conversations at trial; however, as previously noted, use of these tapes at trial would not have altered the outcome of the proceedings. Furthermore, as this Court noted in July of 1992, "counsels' cross-examination of numerous governmental witnesses, and Flisk in particular, provided a sufficiently meaningful adversarial testing of the government's case." *Id*. at *11. Based on the sound performances of Medley's attorneys at trial, the Court holds that Medley's defense was not prejudiced. Thus, Medley's claim for ineffective assistance of counsel fails.

## II. Petition for Writ of Error *Coram Nobis*

Since Medley has failed to establish an ineffective assistance of counsel claim, he cannot prove that an "error of the most fundamental character" has occurred, which would render the previous proceeding invalid. Moreover, this is not a situation where the defendant has a "sound reason for his failure to seek earlier relief." In fact, as described above, Medley immediately sought relief from his 1989 conviction. He has vigorously continued this pursuit for sixteen years, filing three petitions for error *coram nobis*. Additionally, he has appealed not only his 1989 conviction, but the denial of his first petition for error *coram nobis*. Finally, this is not a situation where Medley "continues to suffer from his conviction even though he is out of custody"

because Medley does not suffer from a "lingering civil disability." *Sloan*, 505 F.3d at 697.

A lingering civil disability exists if: (i) the disability causes present harm; (ii) the disability arises out of the erroneous sentence; and (iii) the potential harm to the petitioner is more than incidental. *Id*. at 697 (citing *Craig*, 907 F.2d at 658). As a result of Medley's 1989 conviction, he can no longer: (i) be a board member of or an advisor to the Seaway National Bank in Chicago; (ii) be a board member of the CTA or provide any other type of services to the CTA; (iii) be a board member for Big Brother; (iv) be a Board of Election commissioner; or (v) serve as a financial trustee for his church. *See* Dkt. 584 at 5-6. Medley also alleges that he continues to experience "serious economic, social and professional harm." *Id*. at 6.

As recognized in *Craig*, "a writ of error *coram nobis* is inappropriate where the civil disabilities do not threaten present harm." 907 F.2d at 660 (emphasis added). Medley's removal from his various board positions and advisory positions are past harms—they are "sunk cost[s], rather than [ ] continuing disabilit[ies] producing additional injur[ies] as time passes." *United States v. Keane*, 852 F.2d 199, 204 (1988). As Medley has indicated in his current petition for error *coram nobis*, he held these board positions and advisory positions prior to his 1989 conviction. Nevertheless, as noted in *Bush*, "difficulty in obtaining a desirable job is not a legal disability." 888 F.2d at 1149. It would be inconsistent with the law for this Court to conclude that Medley's inability to maintain his positions as a board member or

9

advisor at various organizations is a legal disability, if securing a job is not considered a legal disability.

Likewise, Medley's "economic, social and professional harm" are not considered legal disabilities. *See Id*. at 1150 (where the Seventh Circuit noted that spiritual and monetary loss are not legal disabilities); *see also id*. at 1148 (where the Seventh Circuit stated that "[a] fine at the time of conviction is not a 'civil disability[,]' [ ] and the reputational injury from conviction also does not suffice-civil judgments, too, cause loss of money and reputation, and to treat effects common to all litigation as civil disabilities would be to eliminate the custody requirement without leaving anything in its stead."). Thus, Medley cannot establish a lingering civil disability.

Again, Medley has failed to establish that his case is one of those "truly extraordinary circumstances" which would compel the Court to grant a writ of error *coram nobis*. Rather, this is a situation where "[t]he continual reexamination of old convictions [has] 'subtract[ed] from the time available to deal with festering grievances' of today." *Craig*, 907 F.2d at 658 (quoting *Bush*, 888 F.2d at 1150).

## CONCLUSION

For the aforementioned reasons, Medley's writ of error *coram nobis* is denied.

/s/ Charles P. Kocoras

Charles P. Kocoras
United States District Judge

Date: 10/27/2015